STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-905

SHARON BOXIE
VERSUS
DWIGHT R. LEMOINE, M.D., ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-4045
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

MICHAEL G. SULLIVAN
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**MOTION TO DISMISS APPEAL DENIED.**

James R. Shelton
Durio, McGoffin & Stagg
220 Heymann Boulevard
Post Office Box 51308
Lafayette, LA 70505
(337) 233-0300
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Dwight R. Lemoine, M.D. and
    St. Paul Fire and Marine Insurance Company
AND
COUNSEL FOR INTERVENOR/APPELLANT:
    Louisiana Patient's Compensation Fund

Phylliss Hennessee
Nelson & Hammons
A Professional Law Corporation
705 Milam Street
Shreveport, LA 71101
(318) 227-2401
COUNSEL FOR PLAINTIFF/APPELLEE:
    Sharon Boxie

SULLIVAN, Judge.

The Plaintiff-Appellee, Sharon Boxie, moves to dismiss this appeal only as it relates to Intervenor/Appellant, the Louisiana Patient's Compensation Fund (PCF). For the following reasons, we deny the motion. This case involves a medical malpractice claim arising out of a surgical procedure which allegedly left Appellee a quadraplegic. Appellee filed suit alleging that Dr. Dwight Lemoine was negligent in supervising the administration of anesthesia during her surgery.

A jury trial was held from November 13, 2006 to November 17, 2006, and the jury found that Dr. Lemoine did not breach the standard of care. Judgment was signed on November 30, 2006. Appellee filed a Motion for Judgment Notwithstanding the Verdict which was heard on January 22, 2007, and granted on February 21, 2007. Judgment was entered in the amount of $5,000,000.00, and sixty percent fault was assessed to Dr. Lemoine.

On March 12, 2007, defense counsel filed a motion for suspensive appeal on behalf of Dr. Dwight Lemoine, St. Paul Fire and Marine Insurance Company, and the PCF. The order granting the suspensive appeal was signed on March 21, 2007; however, Appellants failed to timely post sufficient security. At a hearing on July 6, 2007, the trial court recalled and dismissed the suspensive appeal and granted a devolutive appeal. Judgment was signed on July 16, 2007. Meanwhile, the PCF filed a Petition to Intervene on March 30, 2007, and the order granting leave to intervene was signed on March 28, 2007.

The appeal was lodged in this court on July 25, 2007. On August 24, 2007, Appellee filed a motion to dismiss the appeal as it relates to the PCF. In support of the motion to dismiss, Appellee argues that the suspensive appeal granted to the PCF by judgment dated March 21, 2007, should be dismissed because the PCF failed to

intervene before the motion for suspensive appeal was filed on March 12, 2007. Appellee contends that because the PCF did not timely file an intervention in the instant matter, the PCF did not become a party to the appeal filed on behalf of Dr. Lemoine and his insurer. Further, Appellee contends that after intervening in the lawsuit, the PCF failed to perfect its own appeal within the delays for filing a devolutive or suspensive appeal.

In opposition to the motion to dismiss, the PCF contends that its motion for suspensive appeal was timely filed and that Appellee failed to raise any objections regarding the PCF's standing to file such an appeal at the trial court level. Also, the PCF argues that since it is recognized as a statutory intervenor, neither the case law nor the Louisiana Medical Malpractice Act requires it to file a petition to intervene in order to preserve its right to appeal.

Under the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41, et seq., the PCF is responsible for judgments against health care providers that exceed one hundred thousand dollars. As such, the Louisiana Supreme Court has stated:

> While the Patient's Compensation Fund is not a party defendant, it is a third party with an interest in the proceeding when damages exceed $100,000.00. Therefore, the Fund has the right to intervene in the case of an excess judgment against the Fund. *Felix v. St. Paul Fire and Marine Ins. Co.*, 477 So.2d 676 (La.1985).

*Koslowski v. Sanchez*, 576 So.2d 470, 474 (La.1991). "Just as an intervenor may do, the Fund may put on evidence and unite with the defendant in resisting the claimant's demand." *Bennett v. Krupkin*, 01-209, p. 8, n.8 (La. 10/16/01), 798 So.2d 940, 945. *See* La.Code Civ.P. art. 1091.

Accordingly, we find that the PCF and the health care provider are permitted to file a joint motion for appeal. We disagree with Appellee's argument that the PCF needed to file an intervention as a prerequisite to being included in the motion for suspensive appeal filed on March 12, 2007. Because the judgment against

2

Dr. Lemoine exceeded one hundred thousand dollars, the PCF became an interested party in this case. *See Felix v. St. Paul Fire and Marine Ins. Co.*, 477 So.2d 676 (La.1985). As an interested party, the PCF had a right to appeal, regardless of whether it filed a petition of intervention. Therefore, we find that the motion for suspensive appeal filed on behalf of the PCF was not premature, even though it was filed before the PCF filed its petition of intervention.

Furthermore, we find that the trial court's dismissal of the suspensive appeal as it relates to the PCF was erroneous. The trial court recalled and dismissed the suspensive appeal for failure to timely post sufficient bond. However, the PCF is not required to post bond when taking a suspensive appeal. *See* La.R.S. 13:4581. Therefore, the failure to post a timely-filed bond cannot be the basis for dismissing the suspensive appeal of the PCF.

Accordingly, we find that the PCF is properly before this court as an intervenor/appellant for purposes of a suspensive appeal. Therefore, Appellee's motion to dismiss the appeal as it relates to the PCF is denied.

**MOTION TO DISMISS APPEAL DENIED.**